RECEIVED

OCT 2 5 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HARVEST OIL & GAS, LLC, et al. | CIVIL ACTION NO. 11-CV-714 |
| VERSUS | JUDGE DOHERTY |
| BARRY RAY SALSBURY, et al. | MAGISTRATE JUDGE HILL |

### RULING AND ORDER

Currently pending before the Court is a "Motion and Incorporated Memorandum To Unseal Complaint and To Terminate Confidentiality Agreement" [Doc. 58], filed by plaintiffs, The Harvest Group, LLC ("THG"), Harvest Oil & Gas, LLC ("HOG"), and Saratoga Resources, Inc. ("Saratoga"). The motion is opposed by defendant Professional Oil & Gas Marketing LLC ("POGM"). [Doc. 60]

This matter comes before this Court by withdrawal of reference from the United States Bankruptcy Court for the Western District of Louisiana. [Doc. 14] According to the pleadings filed by plaintiff, on October 18, 2007, Saratoga entered into a Purchase and Sale Agreement with three of the defendants (Barry Salsbury, Brian Albrecht, and Shell Sibley[1]), whereby defendants sold their membership interests in HOG to Saratoga. On Octboer 24, 2007, Saratoga and five defendants (Barry Salsbury, Brian Albrecht, Shell Sibley, Willie Powell, and Carolyn Greer[2]) entered into a

---

[1]On March 13, 2012, Mr. Salsbury and Mr. Sibley were dismissed by the Bankruptcy Court with prejudice, pursuant to a joint motion by the parties. [Doc. 12]

[2]Mr. Powell and Ms. Greer were also dismissed with prejudice by the bankruptcy court on March 13, 2012. [Doc. 12; *see* n.1, *supra*]

1

Purchase and Sale Agreement, whereby all defendants sold their membership interests in THG to Saratoga. According to plaintiffs, both Purchase and Sale Agreements contained provisions whereby the sellers represented and "warranted that they were not aware of any disputes or claims that would affect the closing of the transactions or any of the obligations under the PSAs." [Doc. 51, ¶ 18] Plaintiffs allege contrary to the warranties, defendants "were aware that state lessor royalties were not being correctly calculated and paid to the State of Louisiana. . . ." [Id.] Plaintiffs now assert claims of: breach of contract, intentional misrepresentation and bad faith, fraud, negligent misrepresentation, and breach of fiduciary duty.

While this matter was before the bankruptcy court, plaintiffs filed a consolidated amended complaint, pursuant to an order of the bankruptcy court, and moved that the complaint be placed under seal. According to their motion to seal the complaint:

> On July 2, 2010, counsel for Plaintiffs and counsel for [defendant] Professional Oil & Gas Marketing, LLC ("POGM") entered into a Confidentiality Agreement whereby "any and all information . . . in connection with . . . bank statements, operating accounts or accounts from which POGM disburses funds . . . ." would not be shared with any party without written agreement of POGM or by order of the Court. . . . Some of the allegations contained in the consolidated amended complaint arguably deal with the categories of information (above) protected by the Confidentiality Agreement. Thus, out of an abundance of caution, Plaintiffs request that the consolidated amended complaint be placed under seal.

[Doc. 52, pp. 1-2] At the conclusion of their motion, plaintiffs noted that they "intend to file in the next few days a motion to terminate the Confidentiality Agreement . . . and unseal the consolidated amended complaint." [Id. at 2] The motion to seal the complaint was subsequently granted by the bankruptcy court. [Doc. 53] Thereafter, plaintiffs filed a motion to unseal the complaint and to terminate the confidentiality agreement. [Doc. 58] However, in light of the motion to withdraw the reference to the bankruptcy court, no action was taken on plaintiffs' motion to unseal the complaint,

and the motion is now pending before this Court. [Doc. 67]

Within their motion, plaintiffs assert:

> POGM and Plaintiffs entered into the POGM Confidentiality Agreement to protect POGM in the production of documentation that Plaintiffs sought via subpoena. The subpoena was served in connection with POGM's request and supplemental request for payment of administrative fees filed in the main bankruptcy case. Plaintiffs propounded discovery upon POGM in order to determine whether POGM's services benefited the estate and, therefore, whether POGM was entitled to payment of its fee application. At the time, POGM stated that it required confidentiality to protect its other clients due to confidential information being included in the documentation responsive to the subpoena. However, there really is no other "client information" in the documentation provided, other than information relating to POGM and the Former Owners. In fact, Plaintiffs' initial subpoena resulted in the production of documents demonstrating the true relationship between POGM, Mr. Calongne, and certain of the Former Owners. Undoubtedly, this information also expanded the litigation with the Former Owners.

[Doc. 58, p.2 (footnotes omitted)] Plaintiffs further assert the "consolidated amended complaint does not fall under the public records exceptions in the bankruptcy code"; the complaint "does not contain any information that requires the protection of the court"; and the complaint being under seal is interfering with plaintiffs' attempt to refinance certain portions of its debt. [Id. at 2-3]

POGM opposes the motion, arguing: it "would not have cooperated in the production of many of its confidential business records were it not for the existence of the [Confidentiality] Agreement"; "[f]or plaintiffs to obtain the information that is privileged and under seal and then move to terminate the Agreement for their own self-serving needs is wholly unconscionable"; unsealing the complaint could be "potentially damaging to POGM's business reputation"; plaintiffs "should be in a position to move forward without the necessity of publicizing what POGM considers defamatory statements"; POGM provided information to plaintiffs involving third party customers who have no role in this litigation, and unsealing the complaint "could provide a nexus between this

3

litigation and other business matters of POGM sufficient to put at risk the dissemination of confidential information." [Doc. 60, pp. 1-3]

The decision to seal a record "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *U.S. v. Holy Land Foundation for Relief and Development*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *U.S. v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)). As stated by the Fifth Circuit in *S.E.C. v. Van Waeyenberghe*:

> Courts have recognized that the public has a common law right to inspect and copy judicial records. However, the public's common law right is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. Thus, the common law merely establishes a presumption of public access to judicial records. Although the common law right of access to judicial records is not absolute, the district court's discretion to seal the record of judicial proceedings is to be exercised charily.
>
> In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.

*Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)(citations, footnote, and internal quotation marks omitted). "The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia, Inc. V. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3rd Cir. 1993); *accord Floral Accounting Systems, Inc. v. Florists' Transworld Delivery, Inc.*, 2008 WL 2224416, *2 (W.D.La.); *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, *4 (E.D.La.); *Ryan v. Burkhalter*, 2010 WL 2667362, *1 (M.D.La.). While the decision as to access is left to the discretion of the trial court, any doubt must be construed in favor of disclosure. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978); *Marcus v. St. Tammany Parish Sch. Bd.*, 1997 WL 313418, *5 (E.D.La.)(citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

The parties arguments for and against maintaining the complaint under seal have been set forth above. However, defendant's memorandum in opposition is too generic for this Court to make a reasoned determination. Accordingly, should defendant wish to maintain its opposition to plaintiffs' motion to unseal the complaint and terminate the confidentiality agreement, it is to supplement its briefing within fifteen days of issuance of this Ruling and Order. Defendant is to tailor its briefing in conformity with the jurisprudence noted above, as well as any other pertinent jurisprudence. Additionally, defendant is to identify with specificity the portions of the complaint which it argues should remain under seal.

In light of the forgoing, ruling on the "Motion and Incorporated Memorandum To Unseal Complaint and To Terminate Confidentiality Agreement" [Doc. 58] is DEFERRED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __25__ day of October, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE